# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45774

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 6, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MICHAEL CHRISTIAN RICH, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order revoking probation and executing previously suspended sentence, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Michael Christian Rich pled guilty to felony driving under the influence. I.C. §§ 18-8004 and 18-8005(6). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Rich to a unified term of ten years, with a minimum period of confinement of three years, but after a period of retained jurisdiction, suspended the sentence and placed Rich on probation. Subsequently, Rich admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Rich filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied. On appeal,

1

Rich does not challenge the district court's decision to revoke probation, but argues that the district court erred in not retaining jurisdiction a second time and by denying his Rule 35 motion.[1]

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982).

Mindful that a period of probation was not appropriate, Rich argues that the district court abused its discretion by declining to retain jurisdiction upon revocation of his probation. We note that the decision to place a defendant on probation is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The primary purpose of a district court retaining jurisdiction is to enable the court to obtain additional information regarding whether the defendant has sufficient rehabilitative potential and is suitable for probation. *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005). Probation is the ultimate goal of retained jurisdiction. *Id.* There can be no abuse of discretion if the district court has sufficient evidence before it to conclude that the defendant is not a suitable candidate for probation. *Id.*

---

[1] Rich also pled guilty to and was sentenced for misdemeanor resisting or obstructing officers. However, he does not challenge that judgment of conviction or sentence on appeal.

Rich also argues that the district court abused its discretion in denying his Rule 35 motion for reduction of his sentence. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Rich concedes that he did not "specifically reference new or additional information in his Rule 35 motion" but argues that "a district court abuses its discretion if it does not consider new information already contained in the record when it decides a Rule 35 motion." Rich cites no authority to support this argument, and we decline to impose such an obligation on district courts. Such a requirement ignores longstanding principles of preservation and the requirements set forth in *Huffman*.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, the order revoking probation and directing execution of Rich's previously suspended sentence and the district court's order denying Rich's Rule 35 motion for reduction of his sentence are affirmed.