115 P.3d 764

ŚTATE of Idaho, Plaintiff–Respondent,

v.

MICHAEL W. JONES, Defendant–Appellant.

No. 30458.

Court of Appeals of Idaho.

May 27, 2005.

Molly J. Huskey, State Appellate Public Defender; Eric K. Frederickson, Deputy Appellate Public Defender, Boise, for appellant. Eric K. Frederickson argued.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent. Rebekah A. Cudé argued.

LANSING, Judge.

Michael W. Jones appeals from the sentence imposed by the district court upon resentencing, arguing that the prosecutor breached the plea agreement during the resentencing hearing. Jones also argues that the district court abused its discretion by imposing an excessive sentence in light of mitigating factors. We affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Jones, in the presence of his four children, beat his wife and fired a rifle near her feet. As a result of these actions, Jones was charged with domestic battery, Idaho Code §§ 18–903, 18–918, and aggravated assault, I.C. §§ 18–901, 18–905. A plea agreement was ultimately reached in which Jones agreed to plead guilty to aggravated assault and the State agreed to dismiss the domestic battery charge and make a sentencing recommendation that the court retain jurisdiction for 180 days pursuant to I.C. § 19–2601(4). At the sentencing hearing, the prosecutor voiced the promised recommendation, but also made several other statements that implied that a harsher sentence was necessary. The district court sentenced

Jones to a five-year unified term of imprisonment with three and one-half years determinate and did not retain jurisdiction.

Jones appealed the sentence, arguing that the State had breached the plea agreement by advocating a harsher sentence than that agreed upon in the plea agreement. This Court agreed with Jones, holding that the prosecutor had made comments at sentencing that "were 'fundamentally at odds' with the State's promised sentencing recommendation, which called for leniency." *See State v. Jones*, 139 Idaho 299, 303, 77 P.3d 988, 992 (Ct.App.2003) (*Jones I* ). We vacated Jones's sentence and remanded the case for resentencing before a different judge. *Id.*

On remand, the State again recommended that the court retain jurisdiction, but also requested that the court impose an underlying sentence of five years determinate, the maximum sentence for Jones's offense. The State also informed the court that the victim's mother, Ms. Wyer, wanted to address the court on behalf of her daughter who was unable to attend the proceedings. The district court allowed Ms. Wyer's statement as a "victim impact statement." In her comments, Ms. Wyer stated that the victim had said that she was "afraid for herself and for her kids and that she believes that Jones is extremely violent and that if he gets out he'll come after her." The district court concluded that the original sentence was appropriate and again imposed a unified five-year term with three and one-half years determinate. Jones appeals once more, contending that the State violated the plea agreement again on remand by presenting Ms. Wyer's statement and by requesting that the court impose the maximum possible sentence in conjunction with retaining jurisdiction. He also asserts that the sentence is excessive.

## II.

## ANALYSIS

### A. No Breach of Plea Agreement

In *Jones I,* we set out the applicable law with regard to the prosecutor's duty to make an agreed sentencing recommendation:

The prosecution's obligation to recommend a sentence promised in a plea agreement does not carry with it the obligation to make the recommendation enthusiastically. A prosecutor may not circumvent a plea agreement, however, through words or actions that convey a reservation about a promised recommendation, nor may a prosecutor impliedly disavow the recommendation as something which the prosecutor no longer supports. Although the prosecutors need not use any particular form of expression in recommending an agreed sentence, "their overall conduct must be reasonably consistent with making such a recommendation, rather than the reverse."

*Jones,* 139 Idaho at 302, 77 P.3d at 991 (citations omitted). The Idaho Supreme Court has held that if a prosecutor presents evidence or argument that is "fundamentally at odds" with the recommendation contained in the plea agreement, the agreement is breached. *State v. Lankford,* 127 Idaho 608, 617, 903 P.2d 1305, 1314 (1995).

■ Jones first argues that the State's presentation of Ms. Wyer's testimony constituted a breach of the plea agreement because it was inflammatory evidence that was inconsistent with the agreement to recommend retained jurisdiction. The record does not demonstrate, however, that Ms. Wyer appeared as a witness for the State. According to the hearing transcript, the prosecutor did not call Ms. Wyer as a witness, but informed the court that there was someone present who wanted to address the court on behalf of the victim. The prosecutor said that the victim was unable to be present but had conveyed information to her mother that the victim wished the court to hear.[1] The district court viewed Ms. Wyer's proffered comments to be a "victim impact statement" on behalf of her daughter and allowed her to present the information. Because the record does not support the conclusion that Ms. Wyer was presenting testimony at the initia-

---

1. Crime victims in this state are guaranteed the right to be heard, upon request, at sentencing hearings and other criminal justice proceedings. *See* IDAHO CONST. art. I, § 22(6); I.C. § 19–5306(1)(e).

tive of or on behalf of the State, we cannot conclude that the prosecutor acted contrary to the provisions of the plea agreement.

■ Jones also argues that the court erred in allowing Ms. Wyer to give a victim impact statement because she was not the victim of Jones's offense and the victim was neither a minor nor deceased. Jones points out that under I.C. § 19–5306(1)(c), the "victim" of a crime who is entitled to be heard at criminal proceedings is "an individual who suffers direct or threatened physical, financial or emotional harm as the result of the commission of a crime or juvenile offense." I.C. § 19–5306(5)(a). Only if the victim is deceased, incapacitated, or a minor, may a family member be designated to exercise these rights on the victim's behalf. I.C. § 19–5306(3). However, this issue has not been preserved for appeal. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Jones made no objection at sentencing to the introduction of Ms. Wyer's statement as a victim impact statement on behalf of her daughter. Because the issue was not preserved for appellate review by objection below, we will not address it on appeal.

■ Jones also asserts that the prosecutor's recommendation of a five-year fixed sentence that could be executed at the conclusion of a period of retained jurisdiction was contrary to, and effectively disavowed, the plea agreement. We do not agree. Although it may be surprising that the prosecutor requested the harshest possible underlying sentence in light of an agreement to recommend retained jurisdiction—and in light of our disposition of the prior appeal—we cannot conclude that the recommendation was inherently inconsistent with the plea agreement.

■ Idaho law authorizes a court to retain jurisdiction over a defendant, after imposing sentence, for up to 180 days. During that time, the defendant is in the custody of the Department of Correction, and the De-

partment may render a report to the sentencing court concerning the defendant's behavior. I.C. § 19–2601(4); *State v. Goodlett*, 139 Idaho 262, 263–64, 77 P.3d 487, 488–89 (Ct.App.2003). The primary purpose of the retained jurisdiction program is to enable the trial court to gain additional information regarding the defendant's rehabilitative potential and suitability for probation. *Goodlett*, 139 Idaho at 263–64, 77 P.3d at 488–89; *State v. Lee*, 117 Idaho 203, 205–06, 786 P.2d 594, 596–97 (Ct.App.1990). At the end of the period of retained jurisdiction, the court may suspend the sentence and place the defendant on probation, or may relinquish jurisdiction, allowing execution of the original sentence. If jurisdiction is relinquished, the court may also reduce the sentence at that time. *Goodlett*, 139 Idaho at 264, 77 P.3d at 489. It is a common practice for a trial court to impose a rather severe underlying sentence as an incentive for the defendant to perform well in the retained jurisdiction program and to comply with the probation terms if the defendant is ultimately placed on probation. A lengthy underlying sentence also preserves the judge's options until such time as probation may be denied or revoked, when the court can decide whether the sentence should be reduced. A long underlying sentence thus provides the judge a hedge against the uncertainty of the defendant's future performance. Consequently, the prosecutor's recommendation of the longest permissible underlying sentence in Jones's case was not inconsistent with the recommendation of retained jurisdiction and did not amount to a recommendation *against* retained jurisdiction. We conclude, therefore, that no breach of the plea agreement has been shown.

**B. Sentence**

■ Lastly, Jones contends that the sentence imposed by the district court was excessive in light of mitigating factors such as Jones's alcohol abuse problem, his demonstration of remorse, and his acceptance of responsibility for his actions.[2]

---

**2.** In his appellant's brief, Jones also asserted that sentencing by the district court unconstitutionally deprived Jones of his right to a jury trial,

relying on *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). At oral argument, however, Jones withdrew this claim of

■ The objectives of sentencing, against which the reasonableness of a sentence is to be measured, are the protection of society, the deterrence of crime, the rehabilitation of the offender and punishment or retribution. *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). In examining the reasonableness of a sentence, we conduct an independent review of the record, focusing on the nature of the offense and the character of the offender. *State v. Young,* 119 Idaho 510, 511, 808 P.2d 429, 430 (Ct.App.1991). We will find that the trial court abused its discretion in sentencing only if the defendant shows that, in light of the objectives of sentencing, his sentence was excessive under any reasonable view of the facts. *State v. Charboneau,* 124 Idaho 497, 499, 861 P.2d 67, 69 (1993); *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).

We conclude that the term of imprisonment ordered by the district court is not excessive. Jones has a substantial criminal record, including a history of violent behavior, often aimed at domestic partners, and the record on appeal does not support Jones's assertion that the district court disregarded mitigating factors.

■ Jones also argues that the district court should have retained jurisdiction as recommended by the State. As noted above, the primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *Lee,* 117 Idaho at

205–06, 786 P.2d at 596–97; *Toohill,* 103 Idaho at 567, 650 P.2d at 709. There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe,* 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct.App. 1988); *Toohill,* 103 Idaho at 567, 650 P.2d at 709. There was sufficient information before the court at sentencing, including Jones's history of domestic violence, for the court to determine that he was not suitable for retained jurisdiction or probation. Therefore, the court did not abuse its discretion by determining that retained jurisdiction was inappropriate and that a sentence of imprisonment was necessary.

### III.

### CONCLUSION

We conclude that the prosecutor did not impliedly breach the plea agreement by recommending that the court impose a five-year fixed underlying sentence, and the court did not impose an excessive sentence nor err by refusing to retain jurisdiction. Accordingly, the sentence is affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.

error in view of the Idaho Supreme Court's decision in *State v. Stover,* 140 Idaho 927, 104 P.3d 969 (2005).