**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39253**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 697 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 31, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOSE LUIS REYES, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Amended judgment of conviction and sentences of a unified term of five years, with two and one-half years determinate, and a consecutive, indeterminate term of five years, for two counts of felony violation of a no contact order, affirmed.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Jose Luis Reyes pled guilty to two counts of felony violation of a no contact order. Idaho Code § 18-920. The district court sentenced Reyes to consecutive unified terms of five years, with two and one-half years determinate, for each count. Thereafter, the district court sua sponte scheduled an Idaho Criminal Rule 35 hearing, wherein both parties argued for retained jurisdiction. The district court amended the judgment of conviction, reducing Reyes's sentences to a unified term of five years, with two and one-half years determinate, for the first count and a consecutive, indeterminate term of five years for the second count, but declined to retain

1

jurisdiction. Reyes appeals, contending the district court abused its discretion in imposing excessive sentences and declining to retain jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

The decision whether to retain jurisdiction is also a matter within the sound discretion of the district court. *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The primary purpose of a district court retaining jurisdiction is to enable the court to obtain additional information regarding whether the defendant has sufficient rehabilitative potential and is suitable for probation. *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005). There can be no abuse of discretion if the district court has sufficient evidence before it to conclude that the defendant is not a suitable candidate for probation. *Id*.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Reyes's amended judgment of conviction and sentences are affirmed.