IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40196

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 815 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 31, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ALEXANDER CHRISTOPHER EDMO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Judgment of conviction and unified sentence of six years, with three years determinate, for possession of a controlled substance, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Alexander Christopher Edmo pled guilty to possession of a controlled substance (methamphetamine). Idaho Code § 37-2732(c)(1). The district court sentenced Edmo to a unified term of six years, with three years determinate. Thereafter, Edmo filed an Idaho Criminal Rule 35 motion for reduction of his sentence, which the district court denied. Edmo now appeals, contending the district court abused its discretion by imposing an excessive sentence and declining to retain jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011,

1

1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

The decision whether to retain jurisdiction is also a matter within the sound discretion of the district court. *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The primary purpose of a district court retaining jurisdiction is to enable the court to obtain additional information regarding whether the defendant has sufficient rehabilitative potential and is suitable for probation. *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005). There can be no abuse of discretion if the district court has sufficient evidence before it to conclude that the defendant is not a suitable candidate for probation. *Id*.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in sentencing or in declining to retain jurisdiction. Therefore, Edmo's judgment of conviction and sentence are affirmed.