# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43687

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | **2016 Unpublished Opinion No. 487** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: April 13, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| CASEY ALLEN RIELE, | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction and unified sentence of seventeen years, with a minimum period of confinement of three and one-half years, for aiding and abetting robbery, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

---

PER CURIAM

Casey Allen Riele pled guilty to aiding and abetting robbery. I.C. §§ 18-6501 and 18-204. The district court sentenced Riele to a unified term of seventeen years, with a minimum period of confinement of three and one-half years. Riele filed an I.C.R 35 motion, which the district court denied. Riele appeals, arguing that his sentence is excessive and that the district court should have retained jurisdiction.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The primary purpose of a district court retaining jurisdiction is to enable the court to obtain additional information regarding whether the defendant has sufficient rehabilitative potential and is suitable for probation. *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005). Probation is the ultimate goal of retained jurisdiction. *Id.* There can be no abuse of discretion if the district court has sufficient evidence before it to conclude that the defendant is not a suitable candidate for probation. *Id.*

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Riele's judgment of conviction and sentence are affirmed.