**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 45013 & 45014**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 685** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 28, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **JUAN RODRIGUEZ, JR., aka JOHNNY RODRIGUEZ,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

Judgments of conviction and concurrent unified sentences of ten years, with minimum periods of confinement of two years, for two counts of felony driving under the influence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

————————————————————————

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge

————————————————————————

PER CURIAM

In these consolidated cases, Juan Rodriguez, Jr., aka Johnny Rodriguez pled guilty to two counts of felony driving under the influence. I.C. §§ 18-8004 and 18-8005. In exchange for his guilty pleas, additional charges including an allegation that Rodriguez was a persistent violator were dismissed. The district court sentenced Rodriguez to concurrent unified terms of ten years, with minimum periods of confinement of two years. Rodriguez filed an I.C.R. 35 motion, which

the district court denied. Rodriguez appeals arguing that the district court should have retained jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Whether to retain jurisdiction is a matter within the sound discretion of the district court. *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). Probation is the ultimate goal of retained jurisdiction. *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005). There can be no abuse of discretion if the district court has sufficient evidence before it to conclude that the defendant is not a suitable candidate for probation. *Id.*

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Rodriguez's judgments of conviction and sentences are affirmed.