# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50769

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

GUSTAVES TORRES-GUZMAN,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  January 16, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County.  Hon. Rosemary Emory, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of five years, for felony injury to a child and consecutive, unified sentence of ten years, with a minimum period of confinement of one year, for failure to register as a sex offender, affirmed.

Erik R. Lehtinen, Interim State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

    Gustav Torres-Guzman entered an *Alford*[1] plea to an amended charge of felony injury to a child, I.C. § 18-1501(1), and pled guilty to failure to register as a sex offender, I.C. § 18-8311(2). In exchange for his guilty pleas, an additional charge was dismissed.  The district court sentenced

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Torres-Guzman to a unified term of ten years, with a minimum period of confinement of five years, for felony injury to a child and consecutive, unified term of ten years, with a minimum period of confinement of one year, for failure to register as a sex offender. Torres-Guzman appeals, arguing that his sentences are excessive and that the district court should have retained jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). The primary purpose of a district court retaining jurisdiction is to enable the court to obtain additional information regarding whether the defendant has sufficient rehabilitative potential and is suitable for probation. *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005). Probation is the ultimate goal of retained jurisdiction. *Id.* There can be no abuse of discretion if the district court has sufficient evidence before it to conclude that the defendant is not a suitable candidate for probation. *Id.* Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Torres-Guzman's judgment of conviction and sentences are affirmed.