# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50681

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 12, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DAVID E. AMAYA, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for felony injury to a child, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

David E. Amaya was found guilty of felony injury to a child. I.C. § 18-1501(1). The district court sentenced Amaya to a unified term of ten years, with a minimum period of confinement of three years. Amaya appeals, arguing that his sentence is excessive and that the district court should have retained jurisdiction.[1]

---

[1] Amaya was also found guilty of and sentenced for misdemeanor resisting or obstructing an officer. He does not challenge this judgment of conviction or sentence on appeal.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

The primary purpose of a district court retaining jurisdiction is to enable the court to obtain additional information regarding whether the defendant has sufficient rehabilitative potential and is suitable for probation. *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005). Probation is the ultimate goal of retained jurisdiction. *Id.* There can be no abuse of discretion if the district court has sufficient evidence before it to conclude that the defendant is not a suitable candidate for probation. *Id.*

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Amaya's judgment of conviction and sentence are affirmed.