**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50319 & 50320**

| | |
|---|---|
| **STATE OF IDAHO,** ) | |
| ) | **Filed: August 5, 2024** |
| **Plaintiff-Respondent,** ) | |
| ) | **Melanie Gagnepain, Clerk** |
| **v.** ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| **TRISTON HUNTER BEACH,** ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** ) | |
| ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell and Hon. Cynthia K.C. Meyer, District Judges.

Orders revoking probation and executing previously suspended sentences, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Triston Hunter Beach has two cases in this consolidated appeal. In Docket No. 50319, Beach pled guilty to one count of aggravated driving under the influence (DUI), Idaho Code § 18-8006. The district court sentenced Beach to a unified term of fifteen years, with a minimum period of confinement of seven years. After a period of retained jurisdiction, the district court relinquished jurisdiction. Beach filed an Idaho Criminal Rule 35 motion, which the district court granted. The district court returned Beach back to the retained jurisdiction program. After the period of retained jurisdiction, the district court suspended the sentence and Beach was placed on

1

probation. Subsequently, Beach admitted to violating the terms of probation, and the district court consequently revoked probation and ordered execution of the original sentence. On appeal, Beach argues the district court abused its discretion by revoking probation and refusing to retain jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

The primary purpose of a district court retaining jurisdiction is to enable the court to obtain additional information regarding whether the defendant has sufficient rehabilitative potential and is suitable for probation. *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005). Probation is the ultimate goal of retained jurisdiction. *Id.* There can be no abuse of discretion in declining to retain jurisdiction if the district court has sufficient evidence before it to conclude that the defendant is not a suitable candidate for probation. *Id.* The goal of probation is to foster the probationer's rehabilitation while protecting public safety. *State v. Cheatham*, 159 Idaho 856, 858, 367 P.3d 251, 253 (Ct. App. 2016). A decision to deny probation will not be deemed an abuse of discretion if it is consistent with the criteria articulated in I.C. § 19-2521. Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by ordering Beach's sentence executed without again retaining jurisdiction.

In Docket No. 50320, Beach pled guilty to robbery, I.C. § 18-6501, and possession of marijuana, I.C. § 37-2732(e). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Beach to a unified term of ten years, with a minimum period of confinement of five years, for robbery and a concurrent, unified term of five years, with a minimum period of confinement of two years, for possession of marijuana. After a period of retained jurisdiction, the district court suspended the sentences and placed Beach on probation. Subsequently, Beach admitted to violating the terms of probation, and the district court

consequently revoked probation. At the disposition hearing, Beach requested the district court to either reduce the length of his sentences or run them concurrently with the DUI case. The district court revoked probation and granted Beach's request to run the sentences concurrently with the DUI sentence but did not reduce the length of his sentences. On appeal, Beach does not challenge the district court's decision to revoke probation but argues the district court abused its discretion by refusing to reduce the length of his sentences.

The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986). Because the district court granted Beach's alternative request to change his sentences from consecutive to concurrent, he may not complain that the district court abused its discretion.

Therefore, the orders revoking probation and directing execution of Beach's previously suspended sentences are affirmed.