**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51570 & 51571**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 5, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| BENJAMIN JOHN BROWN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael P. Tribe, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for felony driving under the influence, <u>affirmed</u>; orders denying I.C.R. 35 motion for reduction of sentences, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

In Docket No. 51570, Benjamin John Brown pled guilty to felony driving under the influence (DUI). I.C. § 18-8005(6). The district court sentenced Brown to a unified term of seven years, with a minimum period of confinement of two years. The district court suspended the sentence and placed Brown on probation.

In Docket No. 51571, Brown pled guilty to felony DUI. I.C. § 18-8005(9). The district court sentenced Brown to a unified term of ten years, with a minimum period of confinement of three years. Based on this conviction, the district court ordered revocation of Brown's probation

1

in Docket No. 51570 and ordered execution of his sentence. The district court ordered that Brown's sentences be served concurrently.

Brown filed I.C.R. 35 motions for reduction of both sentences, which the district court denied. Brown appeals, arguing that his sentence in Docket No. 51571 is excessive and that the district court erred in denying both of his Rule 35 motions for reduction of his sentences.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Brown's Rule 35 motions. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).

In his Rule 35 motions, Brown requested that he be sent to participate in drug court or that the district court retain jurisdiction. The primary purpose of a district court retaining jurisdiction is to enable the court to obtain additional information regarding whether the defendant has sufficient rehabilitative potential and is suitable for probation. *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005). Probation is the ultimate goal of retained jurisdiction. *Id.* There can be no abuse of discretion in declining to retain jurisdiction if the district court has sufficient evidence before it to conclude that the defendant is not a suitable candidate for probation. *Id.* The goal of probation is to foster the probationer's rehabilitation while protecting public safety.

*State v. Cheatham*, 159 Idaho 856, 858, 367 P.3d 251, 253 (Ct. App. 2016). A decision to deny probation will not be deemed an abuse of discretion if it is consistent with the criteria articulated in I.C. § 19-2521. Upon review of the record, including any new information submitted with Brown's Rule 35 motions, we conclude no abuse of discretion has been shown.

Therefore, Brown's judgment of conviction and sentence in Docket No. 51571 and the district court's orders denying Brown's Rule 35 motions are affirmed.