# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52507

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

ALDO MIGUEL GUTIERREZ,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: December 5, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas W. Whitney, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of five years, for aggravated battery with an enhancement for use of a deadly weapon, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

_____

PER CURIAM

Aldo Miguel Gutierrez pled guilty to aggravated battery (Idaho Code § 18-907) with an enhancement for use of a deadly weapon (I.C. § 19-2520). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Gutierrez to a unified term of ten years, with a minimum period of confinement of five years. Gutierrez filed an Idaho Criminal Rule 35 motion, which the district court denied. Gutierrez appeals, arguing that his sentence is excessive and that the district court erred in denying his Rule 35 motion for reduction of sentence.

1

Specifically, Gutierrez contends the district court abused its discretion by not imposing a more lenient sentence or retaining jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

The primary purpose of a district court retaining jurisdiction is to enable the court to obtain additional information regarding whether the defendant has sufficient rehabilitative potential and is suitable for probation. *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005). Probation is the ultimate goal of retained jurisdiction. *Id.* There can be no abuse of discretion in declining to retain jurisdiction if the district court has sufficient evidence before it to conclude that the defendant is not a suitable candidate for probation. *Id.* The goal of probation is to foster the probationer's rehabilitation while protecting public safety. *State v. Cheatham*, 159 Idaho 856, 858, 367 P.3d 251, 253 (Ct. App. 2016). A decision to deny probation will not be deemed an abuse of discretion if it is consistent with the criteria articulated in I.C. § 19-2521. The record in this case shows that the district court properly considered the information before it and determined that retaining jurisdiction was not appropriate.

Next, we review whether the district court erred in denying Gutierrez's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new or additional

2

information submitted with Gutierrez's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Gutierrez's judgment of conviction and sentence, and the district court's order denying Gutierrez's Rule 35 motion, are affirmed.