# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 52410/52411

<table>
<tr><td>STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>EMILY GRACE BUCKSKIN,<br><br>    Defendant-Appellant.</td>
<td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td>
<td><b>Filed: March 23, 2026</b><br><br><b>Melanie Gagnepain, Clerk</b><br><br><b>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY</b></td>
</tr>
</table>

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Rick Carnaroli, District Judge.

Orders revoking probation, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; GRATTON, Judge;
and LORELLO, Judge

_____

PER CURIAM

This case involves two consolidated appeals. In Docket No. 52410, Emily Grace Buckskin pled guilty to driving under the influence (second offense), Idaho Code § 18-8005(9). In exchange for her guilty plea, an additional charge was dismissed. In Docket No. 52411, Buckskin pled guilty to eluding a police officer, I.C. § 49-1404(2). In both Docket Nos. 52410 and 52411, the district court sentenced Buckskin to concurrent, unified terms of four years, with minimum periods of confinement of two years, but suspended the sentences and placed Buckskin on probation.

In 2020, Buckskin admitted to violating the terms of probation in both cases, and the district court consequently revoked probation and ordered execution of the original sentences but retained jurisdiction. After the period of retained jurisdiction, the district court suspended the sentences and placed Buckskin on probation in both cases. In 2023, Buckskin admitted to violating the terms

of probation in both cases, and the district court continued her on probation. In 2024, Buckskin again admitted to violating the terms of probation in both cases, and the district court consequently revoked probation and ordered execution of the original sentences. Buckskin appeals, contending that the district court abused its discretion in revoking probation and by imposing her sentences instead of reinstating her probation or retaining jurisdiction.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

The primary purpose of a district court retaining jurisdiction is to enable the court to obtain additional information regarding whether the defendant has sufficient rehabilitative potential and is suitable for probation. *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005). Probation is the ultimate goal of retained jurisdiction. *Id.* There can be no abuse of discretion in declining to retain jurisdiction if the district court has sufficient evidence before it to conclude that the defendant is not a suitable candidate for probation. *Id.* The goal of probation is to foster the probationer's rehabilitation while protecting public safety. *State v. Cheatham*, 159 Idaho 856, 858,

367 P.3d 251, 253 (Ct. App. 2016). A decision to deny probation will not be deemed an abuse of discretion if it is consistent with the criteria articulated in I.C. § 19-2521.

Applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion in either revoking probation or in ordering execution of Buckskin's sentences in both cases. Therefore, the orders revoking probation and directing execution of Buckskin's previously suspended sentences in Docket Nos. 52410 and 52411 are affirmed.